IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Plaintiff,                    No. CIV S-11-1690 WBS GGH P

    vs.

MATTHEW CATES, et al.,

    Defendants.         <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. On July 5, 2011, plaintiff was directed to submit a completed affidavit in support of his request to proceed in forma pauperis and a certified copy of his prison trust account for the six month period preceding the filing of his complaint. See 28 U.S.C. § 1915(a)(2). When plaintiff's in forma pauperis application was returned, it was deficient. Therefore, by Order filed on July 25, 2011, plaintiff was again directed to submit a completed application, including the certification required on the application form and a certified copy of his prison trust account as set forth above.

        On August 10, 2011, before the time for filing his in forma pauperis application had expired in accordance with the Order at docket # 8, plaintiff again returned a defective and incomplete application, failing once more to provide a certified copy of his prison trust account

1  statement for the six month period immediately preceding the filing of the complaint and failing
2  to obtain the certification required on the application form.  See 28 U.S.C. § 1915(a)(2).  Just
3  prior to filing this third deficient application, plaintiff filed a motion, on August 3, 2011, alleging
4  that he is being wrongly housed in administrative segregation as a form of retaliation for an
5  unspecified reason and his legal property and supplies are being withheld, including pens and
6  paper.  While plaintiff does not explain how he is able to file, for example, the instant motion, he
7  nevertheless contends that the accountant at California State Prison (CSP)-Corcoran has refused
8  to certify his prison trust account.  Plaintiff was told, in the Order, filed on July 25, 2011, that
9  should an officer refuse to sign the certification or to acquire the requisite information to fill it
10 out, he should identify any such officer.  Plaintiff now asks the court to invoke the All Writs Act,
11 28 U.S.C. § 1651(a), to compel Suzan Hubbard, whom he identifies as the Acting Warden, and
12 the unnamed accountant to provide the requisite information within ten days.

13          No defendants have been served with process.  Usually persons or entities not
14 parties to an action are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine
15 Research, Inc., 395 U.S. 100 (1969).  However, the fact one is not a party does not automatically
16 preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue
17 writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and
18 principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir.
19 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not
20 grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid
21 the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v.
22 Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

23          The court is concerned that it may lose its jurisdiction if plaintiff is unable to
24 prosecute this action because he cannot provide the requisite six-month certified prison trust
25 account and completed certificate necessary for him to submit a completed in forma pauperis
26 application.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion, filed on August 3, 2011 (docket # 9), is granted as modified herein;

2. Within fourteen days of the date of this order, the current Acting Warden of California State Prison-Corcoran, Connie Gipson, or the warden's designee, shall both inform the court why prison officials, if they have done so, have refused to provide the requisite certification for plaintiff to submit a completed affidavit in support of his request to proceed in forma pauperis and a certified copy of his prison trust account for the six month period preceding the filing of his complaint and, in any event, must provide the requisite supporting documentation. See 28 U.S.C. § 1915(a)(2).

3. The Clerk of the Court is directed to serve this order on the current Acting Warden of CSP-Corcoran, Connie Gipson, at 4001 King Avenue, P.O. Box 8800, Corcoran, CA, 93212-8309.

4. The Clerk of the Court is directed to once again send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

DATED: August 17, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
turn1690.ord