IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Plaintiff,                    No. CIV S-11-1690 WBS GGH P

    vs.

MATTHEW CATES, et al.,

    Defendants.               <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        By order, filed on July 5, 2011, plaintiff was directed to submit a certified copy of his prison trust account for the six-month period preceding the filing of his complaint. By order filed on July 25, 2011, when plaintiff's response was deficient, plaintiff claimed he was being stymied from getting the signature he needed on the form to certify his prison trust account by an unnamed officer; the court afforded plaintiff another opportunity to supply the appropriate documentation. Thereafter, plaintiff once again filed an inadequate in forma pauperis application, this time contending that an unidentified prison accountant was refusing to certify

1

his prison trust account. On August 18, 2011, this court issued an order, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), directed the Acting Warden of California State Prison-Corcoran, or a designee, to inform the court why plaintiff has been refused the requisite certification to complete his in forma pauperis application, if in fact that had occurred, and in any case to provide the required certification. In a timely response, the CSP-Corcoran Litigation Coordinator, stated that their records did not show that plaintiff had ever followed procedure by sending a completed in forma pauperis application to the trust account office to receive his certified six-month statement. Had plaintiff followed the appropriate procedure, according to the litigation coordinator, he would have received the documentation within five days, or could have filed a 602 inmate appeal. In any event, the certified account statement has now been provided by the prison, the show cause order has been discharged and the court finds that a declaration that makes the showing required by 28 U.S.C. § 1915(a) has finally been submitted on behalf of plaintiff. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The complaint states a colorable claim for relief against defendant Correctional Officer (C/O) D. Casey, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff expressly sues Matthew Cate[], Deuel Vocational Institution (DVI)

Warden Salinas, Correctional Lieutenant Dobbe, Jr., and Corr. Lt. Johnson only in their official capacities.  Plaintiff's claim arises from an incident at DVI on September 16, 2010, in which plaintiff alleges he was a victim of an assault by defendant Casey.  His allegation against Lt. Dobbe, Jr., is that he witnessed the last part of the alleged attack and did nothing even after being told by inmates what had happened.  Plaintiff states a colorable claim against both Lt. Dobbe and defendant Casey, but he must amend his complaint as to Lt. Dobbe to name him in his individual capacity in order to pursue a claim of money damages against him.

As to defendant Warden Salinas, plaintiff's only allegation against him is that once plaintiff filed a citizen's complaint against defendant Casey, only then, some two weeks after the alleged incident, was an internal affairs investigation commenced.  This does not frame a cognizable claim against defendant Salinas, who appears to have responded to plaintiff's complaint once he became aware of it, even if this defendant had also been named in an individual capacity, which he was not.  Defendant Salinas will be dismissed but plaintiff will be granted leave to amend.

With regard to defendant Lt. Johnson, plaintiff alleges that the internal affairs investigation he conducted as to the incident, was "bo[t]ched," even though several inmate witnesses came forward with consistent accounts of what occurred.  Plaintiff does not explain how the internal affairs investigation was allegedly botched, how he would be privy to the results of such an investigation and in what way the result of the investigation deprived him of his constitutional rights.  Defendant Johnson will be dismissed but plaintiff will be granted leave to amend.

Finally, as to the Secretary of the California Department of Corrections and Rehabilitation, Matthew Cate, plaintiff seeks to implicate him for an overall responsibility for operation of the state prison system, for the safety and protection of every inmate and for his claimed failure to protect plaintiff, as well as for an alleged failure to train, supervise and discipline the other named defendants.  Under 42 U.S.C. § 1983, there must be an actual

1   connection or link between the actions of the defendants and the deprivation alleged to have been
2   suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v.
3   Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional
4   right, within the meaning of  § 1983, if he does an affirmative act, participates in another's
5   affirmative acts or omits to perform an act which he is legally required to do that causes the
6   deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7   Moreover, supervisory personnel are generally not liable under § 1983 for the
8   actions of their employees under a theory of respondeat superior and, therefore, when a named
9   defendant holds a supervisorial position, the causal link between him and the claimed
10  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
11  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
12  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
13  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
14  Cir. 1982).

15  Plaintiff names defendant Cate only in an official capacity.  Just as it is not
16  necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her
17  official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen,
18  886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement
19  of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in
20  some way to the job duties of the named defendant.  All that is required is that the complaint
21  name an official who could appropriately respond to a court order on injunctive relief should one
22  ever be issued.  Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v.
23  Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief,
24  as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

5

1 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).
2 See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit
3 to continue against an official's successors despite objection that the successors had not
4 personally engaged in the same practice that had led to the suit.  However, because a suit against
5 an official in his or her official capacity is a suit against the state, a practice, policy or procedure
6 of the state must be at issue in a claim for official capacity injunctive relief.  Haber v. Melo, 502
7 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).   Plaintiff does not make clear precisely what
8 practice, policy or procedure he intends to implicate.  He does not sufficiently allege, on the basis
9 of plaintiff's claim of having been subjected to a single incident of excessive force by a prison
10 guard, how this could rise to the level of implicating state correctional training and supervisory
11 practices, policies and procedures.   Defendant Cate will be dismissed.  Plaintiff has leave to
12 amend.

13           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
15 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
16 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
17 there is some affirmative link or connection between a defendant's actions and the claimed
18 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
19 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
20 vague and conclusory allegations of official participation in civil rights violations are not
21 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22           In addition, plaintiff is informed that the court cannot refer to a prior pleading in
23 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
24 complaint be complete in itself without reference to any prior pleading.  This is because, as a
25 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
26 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

1 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3         Accordingly, IT IS HEREBY ORDERED that:
4         1. The show cause order directed to the CSP-Corcoran Acting Warden, filed on,
5 August 18, 2011, has been discharged;
6         2. Plaintiff's request to proceed in forma pauperis is granted;
7         3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
8 The fee shall be collected and paid in accordance with this court's order to the Director of the
9 California Department of Corrections and Rehabilitation filed concurrently herewith.
10 Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
11         4. Plaintiff's claims against defendants Cate, Salinas, Dobbe, Jr., and Johnson are
12 dismissed for the reasons discussed above, with leave to file an amended complaint within
13 twenty-eight days from the date of service of this Order.  Failure to file an amended complaint
14 will result in a recommendation that these defendants be dismissed from this action.
15         5. Upon filing an amended complaint or expiration of the time allowed therefor,
16 the court will make further orders for service of process upon some or all of the defendants.
17 DATED: October 3, 2011

          /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:009
turn1690.b1nf