IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

     Plaintiff,                    No. CIV S-11-1690 WBS GGH P

    vs.

MATTHEW CATES, et al.,

     Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is presently incarcerated at California State Prison-Corcoran, is proceeding against two defendants, Corr. Lt. W.D. Dobbe III[1] and D. Casey, for alleged excessive force against plaintiff while he was incarcerated at Deuel Vocational Institution (DVI). An order directing service of process upon those defendants was filed on March 22, 2012, and no defendant has yet appeared.

        Plaintiff has filed a "notice for injunction," alleging that not only he but members of his family are in imminent danger from a judge, police, federal strike teams and more. See docket # 30. Very little of the filing is coherent. Plaintiff makes wildly insupportable claims that

---

[1] Plaintiff has also identified this defendant as Lt. Dobbe, Jr. <u>See</u> Complaint at docket # 1.

1

appear to the be the product of wholesale delusion.  At first he contends that he is being held hostage at Corcoran past his parole/"state amnesty pardon release date." Id. at 1.  He then claims to be in the middle of a four-way contract among officials to take his life at Corcoran. Id.  Further, plaintiff says that eleven of his family members have been taken from his residence "by kidnap, murder, assault, rape, sodomy, molestation, mayh[e]m" and transported by helicopter "to Corcoran Prison's A.C.H. Cremation Hospital," where "serial killing murders of [plaintiff's] female family members" has continued. Id. at 2.  Plaintiff claims that all this havoc is occurring in retaliation for plaintiff's having filed two "charging complaints"... . Id.

In an earlier order, filed on March 14, 2012, the court addressed plaintiff's prior "wide-sweeping allegations" of threats of murder or severe injury by Corcoran prison employees, "federal strike teams" and others for which plaintiff similarly provided no supporting evidence. See Order, filed at docket # 26.  Plaintiff has therefore been previously informed that this court has no jurisdiction over plaintiff's claims against the DVI defendants named in this action and that if plaintiff believes himself to be in imminent danger at Corcoran State Prison at the hands of that prison's employees, he might file a civil rights action in the Fresno Division of the California Eastern District Court. Id.  The court noted that it was apparent that plaintiff must be aware of how to proceed on any claims against individuals employed at Corcoran State Prison as he referred the court to cases he had previously evidently filed in the Fresno Division.

The unsupported claims in the present filing are even more histrionic than his prior statements.  This court is far too burdened to address patently baseless claims and plaintiff is cautioned that any such future filings may well result in sanctions being imposed upon him.

Accordingly, IT IS ORDERED that plaintiff's "notice for injunction," filed on May 7, 2012 (docket # 30), is to be vacated from the court's calendar forthwith.

DATED: May 15, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009 - turn1690.ord