IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

     Plaintiff,                    No. 2:11-cv-1690 WBS GGH P

     vs.

MATTHEW CATES, et al.,

     Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. Defendants filed a motion to revoke plaintiff's in forma pauperis status on June 13, 2012, and a motion to dismiss, on June 27, 2012, pursuant to non-enumerated Rule 12(b), as well as Fed. R. Civ. P 12(b)(6). As to the motion to dismiss under non-enumerated Rule 12(b), plaintiff was previously informed of the requirements to oppose a motion to dismiss for failure to exhaust pursuant <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). However, in light of <u>Woods v. Carey</u>, --- F.3d ----, 2012 WL 2626912 (9th Cir. July 6, 2012), plaintiff will be informed again.

        Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for

1

1  failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a
2  request that the court dismiss without prejudice any unexhausted claims.  The moving party may
3  submit affidavits or declarations under penalty of perjury and admissible documents to support
4  the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under
5  penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made
6  under penalty of perjury in the operative complaint if that complaint shows that plaintiff has
7  personal knowledge of the matters stated and plaintiff specifies the parts of the operative
8  complaint on which plaintiff relies.  Plaintiff may also rely on one or more affidavits or
9  declarations sworn to by other persons who have personal knowledge of relevant matters.  In
10 addition, plaintiff may rely on written records, but plaintiff must prove that the records are what
11 plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence with admissible
12 evidence, the court may rely on defendant's evidence.  In the event both sides submit matters
13 outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of
14 fact.  If plaintiff does not file a written opposition to the motion, the court may consider the
15 failure to act as a waiver of opposition to the motion.  See L.R. 230(l).  If the court grants the
16 motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be
17 dismissed without prejudice.  A motion or opposition supported by unsigned affidavits or
18 declarations will be stricken.

19          Plaintiff will be provided additional time in light of the timing of this notice to
20 oppose the motion to dismiss under non-enumerated Rule 12(b).  The court notes that plaintiff
21 has filed no opposition to the motion to revoke his in forma pauperis status and has evidently
22 refused to accept court orders served on him by mail on June 28, 2012, and on July 6, 2012,
23 despite their having been re-served.  To the extent, that plaintiff may not be at located at the
24 address of record, Plaintiff is reminded that it is his responsibility to keep the court apprised of
25 his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the
26 record address of the party is fully effective.  Local Rule 230(l) provides in part: "Failure of the

responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Further, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  By order filed on March 22, 2012, plaintiff was advised of the above requirements for filing opposition under the Local Rules and cautioned that failure to comply with the Local Rules might result in the imposition of sanctions.  Post-Woods, notice in that order remains sufficient with respect to defendants' motions to revoke plaintiff's in forma pauperis status and to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff is cautioned as to those motions that his failure to respond to them will be deemed a waiver of opposition.  As to the ground raised under non-enumerated Rule 12(b), a failure to oppose will likewise be deemed a waiver of opposition, should plaintiff fail to oppose on that ground as well following the extension of time the court will herein provide.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted an extension of time until August 15, 2012, to provide his opposition to the pending motions.  Failure to do so will result in a recommendation of dismissal of this action.

DATED: July 12, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: 009
turn1690.brf