IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

        Plaintiff,                    No. 2:11-cv-1690 WBS GGH P

    vs.

MATTHEW CATES, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

Introduction

       Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. Defendants filed a motion to revoke plaintiff's in forma pauperis status on June 13, 2012, and a motion to dismiss, on June 27, 2012, pursuant to non-enumerated Rule 12(b), as well as Fed. R. Civ. P 12(b)(6). Plaintiff failed to file any opposition. As to the motion to dismiss under non-enumerated Rule 12(b), plaintiff, although previously informed of the requirements to oppose a motion to dismiss for failure to exhaust pursuant Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), was in light of Woods v. Carey, --- F.3d ----, 2012 WL 2626912 (9th Cir. July 6, 2012), informed again and liberally granted plaintiff an extension of time to file opposition to both pending motions. Plaintiff was cautioned in the July 12th order that failure to provide opposition to the motions would result in a recommendation of dismissal of the instant

1

action.

Notwithstanding, plaintiff has failed to oppose the motions. Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." By Order, filed on March 22, 2012, plaintiff was advised of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. Moreover, as to the non-enumerated 12(b) motion, as noted, plaintiff was therein provided information as to the requirements for opposing a motion to dismiss for failure to exhaust pursuant to Wyatt v. Terhune, 315 F.3d at 1120 n.14, as well a second notice so as to conform to the requirements of Woods v. Carey, --- F.3d ----, 2012 WL 2626912. The docket indicates that plaintiff refused to accept service of the July 12, 2012, order. The court had noted in the July 12th order that plaintiff had refused to accept orders served on him by mail. The docket shows plaintiff has refused to accept service/re-service of orders, filed on May 31, 2012, on June 5, 2012, and on July 12, 2012.

There is no indication whatever that plaintiff is no longer at the address at which he has been served and even if there were, plaintiff has been properly served as it is his responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

Accordingly, plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of each motion. In the alternative, the court has reviewed the motions and finds, at least as to the motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim, that motion has merit.[1] The Prison Litigation Reform Act (PLRA), 42

---

[1] As to the motion to revoke in forma pauperis status, defendants have identified one case which was dismissed for failure to state a claim, which dismissal on appeal, was summarily affirmed, which they argue constitutes two separate strikes under 28 U.S.C. § 1915(g). As for a third strike, defendants have identified a complaint dismissed as duplicative of a separate action, citing a footnote in a Ninth Circuit case wherein the appellate court found no abuse of discretion where a district court denied a litigant in forma pauperis status under then-designated §1915(d).

U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates seeking injunctive relief must exhaust administrative remedies. Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999). In Booth v. Churner, 532 U.S. 731,121 S. Ct. 1819 (2001), the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 532 U.S. at 741, 121 S. Ct. at 1825. Therefore, inmates seeking money damages must also completely exhaust their administrative remedies. Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages).

In a motion to dismiss for failure to exhaust administrative remedies under non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of raising and proving exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The parties may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a record. Wyatt v. Terhune, 315 F.3d at 1120 n.14. When an action originates in this court, plaintiff is provided, inter alia, specific notice of his opportunity to develop a record in the service order, and post-

---

See Cato v. United States, 70 F.3d 1103 n. 2 (9th Cir. 1995)(case adjudged pre-1996 amendments to PLRA wherein the Ninth Circuit noted there was no abuse of discretion where district court dismissed, inter alia, duplicative complaint with prejudice filed in forma pauperis but also (somewhat confusingly in the opinion of the undersigned) indicated it could be re-filed with the filing fee paid) While it is correct that the district court may dismiss "at any time," under (now-designated) § 1915(e)(2), a complaint it should determine to be "frivolous or malicious" or for failing to state a claim, it is not at all clear that a complaint dismissed simply as duplicative qualifies as a strike under § 1915(g). See, Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) to determine prior dismissal counts as a strike under § 1915(g), district court must ascertain complaint was dismissed as frivolous, malicious or for failure to state a claim). Finally, the fourth case referenced as a basis for dismissal is one that was not dismissed prior to the filing of this action and cannot in itself count as a strike. Silva v. Di Vittorio, 658 F.3d 1090, 1100 (9th Cir. 2011).

1  Woods, as here, also provided notice at the time of the filing of such motion by defendants.

2  Should defendants submit declarations and/or other documentation demonstrating
3  an absence of exhaustion, making a prima facie showing, plaintiff must refute that showing.
4  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
5  complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
6  the court's attention those parts of the complaint upon which plaintiff relies.  If the court
7  determines that plaintiff has failed to exhaust, dismissal without prejudice is the appropriate
8  remedy for non-exhaustion of administrative remedies.  Wyatt v. Terhune, 315 F.3d at 1120.

9  Defendants contend that plaintiff filed this action prior to having completed the
10 requisite administrative exhaustion and have submitted sufficient documentation,
11 unopposed/unrebutted by plaintiff, which is sufficient to demonstrate that he failed to exhaust his
12 administrative remedies as to his Eighth Amendment claims against the defendants, Casey and
13 Dobie.  See Motion & Exhibits, filed on June 27, 2012.

14 Moreover, as a separate ground for dismissal, this court finds that plaintiff's
15 repeated refusal to receive court orders served upon him in this action constitutes a wholesale
16 failure to prosecute this action.  In determining whether to dismiss a case for failure to prosecute
17 or for failure to comply with a court order "the district court must weigh five factors including:
18 '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
19 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
20 cases on their merits;  and (5) the availability of less drastic alternatives.'"   Ferdik v. Bonzelet,
21 963 F.2d 1258, 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
22 1986)).

> Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with "reasonable diligence" if a plaintiff is to avoid dismissal. *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970); *States Steamship Co. v. Philippine Air Lines, supra*. This court has consistently held that the failure to prosecute diligently is sufficient

4

by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.

Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

Flatly refusing service of court orders in this action rises to a level sufficient to warrant involuntary dismissal on this ground alone.

Accordingly, IT IS RECOMMENDED that:

1. Defendants' June 13, 2012 (# 37) motion to revoke plaintiff's in forma pauperis status, although unopposed, be denied as insufficiently supported;

2. Defendants' June 27, 2012 (# 39) unopposed motion to dismiss this action for plaintiff's failure to exhaust administrative remedies be granted; in the alternative,

3. This action be dismissed for plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October16, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: 009
turn1690.brf